UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WENDEL ROBERT WARDELL, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 10-294-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| ERIC D. WILSON, Warden, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Petitioner Wendel Robert Wardell, Jr. is in custody of the Federal Bureau of Prisons (BOP) and is presently incarcerated at the Federal Correctional Complex at Yazoo City, Mississippi (FCC-Yazoo City). Prior to his transfer to FCC-Yazoo City, Wardell was confined in the United States Penitentiary-McCreary (USP-McCreary) in Pine Knot, Kentucky, during which time he filed a pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Wardell is claiming that the BOP erred in the computation of his federal sentence. Wardell requests this Court to correct this error and award him the additional sentence credit to which he believes he is entitled.

As grounds for his § 2241 petition, Wardell asserts that the BOP improperly denied him a *nunc pro tunc* designation and credit on his federal sentence, pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and/or *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), for the period of time from September 4, 2003, to November 24, 2004, a period of more than fourteen (14) months. Briefly, this action concerns (1) the interplay of federal and state sentences, (2)

1

determining when one is in federal custody and/or state custody, (3) determining when a consecutive federal sentence begins to run, and (4) BOP Program Statement 5880.28 (PS 5880.28). Upon review of this matter, the Court concludes that Wardell is not entitled to any additional credit on his federal sentence and will dismiss his § 2241 petition.

## I.

In order to determine whether Wardell is entitled to *Willis* credits, *Kayfez* credits, and/or a *nunc pro tunc* designation, a brief chronological summary of his state and federal convictions and the respective sentences he has received and served is necessary. The record reflects the following sequence of events:

**September 2003 -** In the mid-1990s, Wardell was convicted of various state offenses and received various sentences in the state of Colorado for fraud, theft, and forgery. His most recent Colorado conviction and state sentence was in Case No. 95-CR-1159. While in the custody of Colorado and serving a state sentence, Wardell and several co-defendants were indicted in a twenty-count indictment for federal tax fraud and conspiracy to defraud the United States, and for perjury in the United States District Court for the District of Colorado. This case is identified as Case No. 1:03-CR-415-REB.

**September 4, 2003 -** A federal arrest warrant was issued for Wardell in Case No. 1:03-CR-415-REB and was executed by the United States Marshal in the state prison where Wardell was incarcerated. Pursuant to a federal writ of habeas corpus *ad prosequendum*, Wardell was removed from state prison and taken into federal custody for purposes of court hearings and appearances in the federal case, which was declared to be a complex case.

**November 24, 2004 -** Wardell was paroled on his state sentence and was released from state custody. (*See* R. 18, Ex. 2 ).

**May 25, 2005 -** Wardell's trial in federal case No. 1:03-CR-415-REB began on May 16, 2005. The trial concluded on May 25, 2005. Wardell was found guilty on Counts 1, 2, 4-18, and 20.

**July 26, 2005 -** Prior to his sentencing in federal case No. 1:03-CR-415-REB, Wardell was indicted in another federal case in a two-count indictment charging him with conspiracy to retaliate against a witness and for retaliation

against a witness and aiding and abetting same in the United States District Court for the District of Colorado. This case is identified as Case No. 1:05-CR-342-REB. Wardell proceeded to trial in this case, his second federal case.

**October 26, 2005 -** Wardell was sentenced in the first federal case, Case No. 1:03-CR-415-REB, and received a 60-month sentence on Count 1. He received a 36-month sentence on Counts 2, 4-18, and 20, to be served concurrently with each other, but consecutively to the 60-month sentence imposed on Count 1. The total sentence was 96 months. Wardell was also ordered to make restitution to the Internal Revenue Service in the amount of $14,444.00. (To correct a clerical error, an Amended Judgment was entered on April 11, 2006, but did not affect the sentence). *See United States v. Wendel R. Wardell, Jr.,* No. 1:03-CR-415-REB.

**December 12, 2005 -** Wardell's trial in the second federal case, No. 1:05-CR-342-REB concluded. The jury found him guilty on both counts of the indictment.

**March 17, 2006 -** Wardell was sentenced in the second federal case and received a 115-month sentence on Count 1 and a concurrent 115-month sentence on Count 2. The total sentence was 115 months. This was to be served consecutively to any other sentence previously imposed, including but not limited to the sentence imposed in Wardell's first federal case, Case No. 1:03-CR-415-REB.

## II.

### A.

The concept of primary custodial jurisdiction is grounded in *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922). In *Ponzi*, the Supreme Court held that the question of which sovereign exercises custodial jurisdiction over an individual charged with crimes against two sovereigns was a matter of comity between the two sovereigns. It is well-settled that primary custodial jurisdiction remains vested in the sovereign that first arrests the defendant until that sovereign relinquishes its priority over the defendant. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *Roche v. Sizer*, 675 F.2d 507, 509-10 (2d Cir. 1982). Courts have uniformly held that primary custody remains with the sovereign that initially arrested a prisoner, even when the

prisoner is taken elsewhere by federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. *See United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *see also United States v. Insley*, 927 F.2d 185, 186-87 (4th Cir. 1991) ("official detention" in 18 U.S.C. § 3585—the successor statute to § 3586—means "physical incarceration"); *Huffman v. Perez*, 2000 WL 1478368 (E.D. Ky. Sept. 27, 2000) (defendant spent 26½ months primarily in the custody of North Carolina and secondarily in the custody of the U.S. Marshals Service pursuant to the writ of habeas corpus *ad prosequendum*).

In the present action, while Wardell was serving a sentence in the primary custody of Colorado, on September 3, 2004, he was "borrowed" from the state of Colorado, pursuant to a writ of habeas corpus *ad prosequendum*, by the United States Marshal for purposes of appearing in federal court to face federal charges. However, as noted above, the temporary removal or transfer of a prisoner from state custody to federal authorities, in compliance with a writ of habeas corpus *ad prosequendum*, does not operate to transfer primary custodial jurisdiction. In short, such a transfer does not alter the fact that the prisoner remains in the primary custody of the state. *See, e.g.*, *Easley v. Stepp*, 5 F. App'x 541 (7th Cir. 2001).

Generally, primary jurisdiction can be relinquished by operation of law, such as bail release, dismissal of the state charges, parole release, or expiration of a state sentence. *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *Chambers v. Holland*, 920 F.Supp. 618, 622 (M.D. Pa. 1996). Primary jurisdiction may also be relinquished by the mutual agreement of the two custodial jurisdictions. *United States v. McCrary*, 220 F.3d 868 (8th Cir. 2000); *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997). Thus, the sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish its jurisdiction to another sovereign, if that sovereign accepts. This discretionary election is an executive function of the two sovereigns.

*Poland*, 117 F.3d at 1098. In Wardell's case, Colorado did not relinquish its primary custodial jurisdiction over him to the United States. Wardell's state sentence continued to run from September 4, 2003, and he was paroled from that sentence on November 24, 2004.

**B.**

As pointed out in PS 5880.28, prior custody time credit on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

Pursuant to the foregoing statute, a defendant is only entitled to credit for time "that has not been credited against another sentence." In essence, §3585(b) prohibits awarding dual credit on a federal sentence. Under the statute, the Attorney General, through the BOP, is authorized to grant credit for any presentence detention to a prisoner. *See, e.g.*, *United States v. Wilson*, 503 U.S. 329, 333-35 (1992). However, a federal inmate is not entitled to any credit for time attributed to a state sentence. *Wilson*, 503 U.S. at 337 (1992); *Nguyen v. Department of Justice*, 1999 WL 96740 (6th Cir. Feb. 3,1999) (Time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence.). The Sixth Circuit has

5

consistently held that if a prisoner received credit towards his state sentence for time spent in detention, he may not also receive prior custody credit for this same time toward his federal sentence. *See, e.g., Huffman*, 230 F.3d at 1358; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 42 F. App'x 756 (6th Cir. 2002).

Consequently, Wardell is not entitled to additional credit toward his federal sentence as he received credit toward his state sentence from September 4, 2003 to November 24, 2004, the time period for which he is seeking credit in his habeas petition. Any further benefit would result in improper "double crediting," in violation of 18 U.S.C. § 3585(b). Thus, no further custody credit is warranted. *See Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not receive credit for the time toward his current federal sentence.").

### III.

### A.

The exact terms of Wardell's Colorado state sentence are unknown to this Court. For purposes of this Order, the only relevant information is that Wardell had been sentenced on the state offenses prior to the federal indictment (Case No. 1:03-CR-415-REB); he was in the custody of Colorado serving a state sentence in September 2003 (when he faced his first federal indictment); and he was removed from a Colorado state prison pursuant to a federal writ of habeas corpus *ad prosequendum* to appear in federal court. Although Wardell left the confines of a Colorado state prison, he continued to receive credit on his state sentence until Colorado paroled him on November 24, 2004.

**B.**

Wardell was sentenced to ninety-six (96) months imprisonment in the first federal case on October 26, 2005. Thus, his federal sentence began to run on October 26, 2005. However, because Wardell had been released from state custody on November 24, 2004, Wardell received pre-sentencing *Willis* credits—received because he was in custody awaiting sentencing and not receiving credit towards any other sentence—extending from November 25, 2004 through October 25, 2005.

**C.**

On March 17, 2006, Wardell was sentenced to two 115-month sentences to be served concurrently in the second federal case (Case No. 1:05-CR-342-REB). These sentences were to be served consecutively to any other sentence previously imposed, including but not limited to the sentence imposed in Wardell's first federal case. Because these 115-month sentences are consecutive to any other sentence, Wardell does not begin serving them until he has completed his ninety-six (96)-month term of imprisonment.

Wardell's claim fails because of his misunderstanding that, although he was not physically incarcerated in a state Colorado prison from September 3, 2004, to November 24, 2004, he continued to receive credit on his state sentence, and only on his state sentence, during that time. When Wardell's two federal sentences are aggregated, he has a total federal sentence of 211 months. *Willis* credits mean that Wardell began serving time towards his 211-month sentence on November 25, 2004.[1]

---

[1] Per the Inmate Locator feature on the BOP's website, http://www.bop.gov, Wardell's projected release date is March 19, 2020.

## IV.

For the foregoing reasons, Wardell's habeas petition filed pursuant to 28 U.S.C. § 2241 is without merit.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The petition filed by Wendel Robert Wardell, Jr., for a for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**;

2. This action will be **DISMISSED** and **STRICKEN** from the active docket; and,

3. Judgment shall be entered contemporaneously with this Order in favor of Warden Eric D. Wilson, the named Respondent.

This 5th day of December, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge